JAMES L. DRIESSEN, jd@driessenlaw.com, USB #09473 (ACTIVE)
MARGUERITE A. DRIESSEN, mad@driessenlaw.com, CA #146046 (INACTIVE)
PRO SE PLAINTIFFS
305 N 1130 E, LINDON, UT 84042
PHONE (801)796-6924
FAX (801)785-2744

FILED
U.S. DISTRICT COURT
2008 FEB 19 A 11:04
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

District of Utah, Central Division

| | |
|---|---|
| James L. and Marguerite A. Driessen<br>305 N 1130 E<br>Lindon, UT 84042  Plaintiffs<br>V.<br><br>Starbucks Corporation<br>2401 Utah Ave. South<br>Seattle, WA 98134<br>Registered Agent: Corp. Service Company<br>2180 South 1300 East, Suite 650<br>Salt Lake City, UT 84106<br>Defendant<br><br>Apple Computer, Inc.<br>1 Infinite Loop<br>Cupertino, CA 95014<br>Registered Agent: C T Corp. System<br>136 East South Temple Ste 2100<br>Salt Lake City, UT 84111<br>Defendant | **COMPLAINT IN A CIVIL CASE**<br><br>Case: 2:08cv00126<br>Assigned To : Wells, Brooke C.<br>Assign. Date : 2/19/2008<br>Description: Driessen et al v.<br>Starbucks et al<br><br>CASE NUMBER: |

NOW COMES James L. Driessen and Marguerite A. Driessen as Plaintiffs in the above numbered cause and for cause of action against Starbucks Coffee Company, Defendant, and Apple, Inc., Defendant, would show as follows:

I. Parties

1.   Plaintiff, James L. Driessen and Marguerite A. Driessen, husband and wife, (hereinafter "Plaintiffs") are individuals with their residence at 305 N 1130 E, Lindon, UT 84042.

2. Defendant, Starbucks Coffee Company (hereinafter "Starbucks") is a Washington Corporation with its principal place of business at 2401 Utah Ave. South Seattle, WA 98134 . Starbucks can be served with process by serving its registered agent for service of process at Corporation Service Company, 2180 South 1300 East, Suite 650, Salt Lake City, UT 84106.

3. Defendant, Apple Computer, Inc. (hereafter "Apple") is a California Corporation with its principal place of business at 1 Infinite Loop, Cupertino, CA 95014. Apple can be served with process by serving its registered agent for service of process at CT Corporation System, 136 East South Temple Ste 2100, Salt Lake City, UT 84111.

II. Jurisdiction and Venue

4. This complaint involves claims for patent infringement arising under the patent laws of the United States, Title 38, United States Code and this court has jurisdiction over those claims under 28 U.S.C.A. § 1338 (2005) which directs that District Courts shall have original jurisdiction of any civil action arising under any act of Congress relating to patents.

5. This court has personal jurisdiction over Starbucks because Starbucks has advertised and sold infringing products within the boundaries of the Federal District Court of Utah, Central Division of the state of Utah.

6. This court has personal jurisdiction over Apple because Apple has advertised and sold infringing products within the boundaries of the Federal District Court of Utah, Central Division of the state of Utah.

7. Venue is proper in this district pursuant to 28 U.S.C.A. §§ 1391 and 1400(b).

III. Facts

8. After considerable effort by Plaintiff James L. Driessen, an invention for a new utility called Retail point of sale (RPOS) apparatus for internet merchandising was conceived and reduced to practice. After successfully building and testing the new invention Plaintiff James Driessen (with the monetary support from his wife, Plaintiff Marguerite Driessen) prepared and filed U.S. Patent Application Serial No. 09/630,272, on August 1, 2000 in the U.S. Patent and Trademark Office to protect the new Retail point of sale (RPOS) apparatus for internet merchandising.

9. After a thorough examination by a patent examiner in the U.S. Patent and Trademark Office and a subsequent interview with the examiner, amendment of the claims, and mandatory second examination, the application has been issued by the U.S. Patent and Trademark Office on February 21, 2006 as U.S. Letters Patent No. 7003500 (hereinafter the "3500" patent). A copy of the Issued Patent is attached hereto as Exhibit A.

10. After the filing of the application, but prior to its issuance, on or about March 20, 2005, Plaintiffs discovered a prototype of a product displayed by Apple named the "iTunes Custom Cards ... A ground-breaking new promotional tool for the music industry." A copy of Apple's marketing material showing the Retail point of sale (RPOS) apparatus for internet merchandising is attached hereto as Exhibit B.

11. After examining the prototype of the invention, Plaintiffs determined that it was a copy of its product. On May 13, 2005, Plaintiff James L. Driessen, acting as his own

attorney, sent a letter to Apple requesting that they license the invention. A copy of the invitation to license letter is attached hereto as Exhibit C.

12. After discussing licensing and receiving correspondence from Apple confirming that they had reviewed Plaintiff's letter, Plaintiff found that Apple had pulled its infringing products in the US and iTunes Custom Cards were only being offered in the United Kingdom.

13. After the filing of the application, but prior to its issuance, on or about February 21, 2006, Plaintiff wrote another letter to Apple notifying them that Plaintiff had received a notice of issue and discussing the "iTunes Custom Cards" by inviting Apple to license under the "Vibme" brand owned by Plaintiffs. A copy of that letter is attached as Exhibit D. Similar invitations were sent to Concord Music Group, a label owned by Starbucks.

14. After the issuance of the 3500 patent, on or about November 7, 2007, Plaintiffs discovered yet another prototype of a product displayed by both Apple and Starbucks named the "Digital Release Albums ... cards redeemable at the iTunes Store for Mac or PC (www.itunes.com) for a complimentary song hand-selected by Starbucks Entertainment." A copy of Apple's marketing material showing the Retail point of sale (RPOS) apparatus for internet merchandising is attached hereto as Exhibit E.

15. After examining the prototype of the invention, Plaintiffs determined that it was a copy of its product. On November 21, 2007, Plaintiff James L. Driessen, acting as his own attorney, sent a letter to Starbucks requesting that they license the invention. A copy of the invitation to license letter is attached hereto as Exhibit F.

16. After discussing licensing and receiving correspondence from Starbucks confirming that they had reviewed Plaintiff's letter, Plaintiffs found that Starbucks and Apple continue to market and sell infringing products in the United States.

17. Based upon information and belief that Starbucks and Apple have an inventory of infringing products and that they have sold and will continue to sell the product to distributors and customers across the United States, to include its own distributors, Starbucks and Apple are knowingly infringing. In turn, these distributors and customers have resold and/or used the infringing product.

18. Recently, Starbucks and Apple were allowed a copy of the allowed claims of the 3500 patent.

19. In an effort to avoid infringement, Apple and Starbucks have redesigned the product by suggesting in their marketing materials that customers must bring in their iTunes capable device for "free wi-fi" access to their online store. However, customers at Starbucks can still purchase "digital release" albums via Retail point of sale (RPOS) apparatus for internet merchandising, paying for the merchandise at the cash register in the store.

20. The redesigned version of the invention continues to infringe the claims of the 3500 patent.

21. Based upon information and belief, Apple and Starbucks are manufacturing and selling the redesigned invention to distributors and customers across the United States and particularly there are at least 57 stores in the State of Utah including cities of Salt Lake City, Cedar City, Ogden, South Ogden, Riverdale, Clinton, Moab, Syracuse,

Layton, Centerville, West Bountiful, Park City, West Valley, Holladay, Taylorsville, Murray, West Jordan, Fort Union, Sandy, South Jordan, Draper, Riverton, American Fork, Orem, and Payson, Utah, where the "digital release albums" are either on sale or offered as "coming soon."

IV. Infringement of the 3500 Patent

22. Defendant's acts in manufacturing, selling, offering to sell, and/or using the invention constitute infringement of the 3500 patent and/or induce infringement of the 3500 patent pursuant to 35 U.S.C.A. § 271 (2005).

23. Defendant's acts are deliberate and willful and will continue unless enjoined by this court.

24. As a result of Defendant's acts, Plaintiffs will be damaged in an amount in excess of the jurisdictional limit of this court. Due to the deliberate and willful nature of Defendant's acts, such damages should be increased to the maximum amount allowed by law including an award of attorney's fees.

V. Demand for Jury Trial

25. Plaintiffs hereby demand trial by a jury.

PRAYER

WHEREFORE, Plaintiffs, James L. Driessen and Marguerite A. Driessen, respectfully pray that this court enter judgment against Defendants as follows:

A. Finding that Defendant has infringed Plaintiff's U.S. Letters Patent No. 7003500;

B. That Plaintiffs be awarded damages against Defendants as a result of the acts complained of herein;

C. That Defendant's acts be determined to be willful and as a result, damages be increased to the maximum amount allowed by law to include triple damages according to 35 U.S.C.A. § 284.

D. That Plaintiffs be awarded their attorneys fees and costs;

E. That Plaintiffs be awarded prejudgment and postjudgment interest;

F. That an injunction issue enjoining Defendants, its officers, agents, servants, employees, attorneys, and all of the persons in active concert of participation with it during the pendency of this action and permanently thereafter as follows:

   i. From any and all acts in infringement of the 3500 patent;

   ii. Requiring an accounting for profits received by Defendant as a result of the acts complained of herein;

   iii. Directing that all items infringing the 3500 patent, complete with their instructions, technical data sheets, and other written literature delivered to Plaintiff for destruction; and

G. For such other and further relief to which Plaintiffs show themselves to be justly entitled.

Respectfully submitted this 19 day of February, 2008

By: /s/ James L. Driessen
James L. Driessen, Plaintiff Pro Se

By: /s/ Marguerite A. Driessen
Marguerite A. Driessen, Plaintiff Pro Se