# EXHIBIT C
## May 13, 2005

## Letter to Apple

# JAMES L. DRIESSEN

Attorney at Law

Friday, May 13, 2005

Kevin Saul
1 Infinite Loop Mail Stop 3 IMS
Cupertino, CA 95014

Re: Custom Cards, notice & invitation to join

Dear Mr. Saul,

     I'm the owner and inventor of the Virtual Internet Based Media Exchange (VIBME, pronounced v ī b – mee). I'm sure you probably don't remember me, but I have a few mailing lists and emails in some of my computer folders, which included Apple. I was telling you about my patent application related to specific prepaid Internet merchandise. I know my focus back then was on the *prepaid* cards, but I believe I may have also mentioned in some of those letters that these same cards could be used as promotional free samples as well. I was considering the technology for specific song prepaid downloadable music years ago and continually pitched those ideas to companies like yours. But I'm sure that my then obscure vision of specific Internet merchandise didn't catch on at the time. Even though some of my ideas may have infiltrated the industry, I doubt that anyone remembers my name or where the ideas came from. I am expecting that patent to issue soon and I would like to invite you now to take a closer look at this intellectual property to see if there is something that could fit in with Apple products and competencies in the downloadable music business.

     Shawn Fanning and Hank Berry, then famous owners of Napster, even came out to visit our campus at BYU while I was in Law school. Remember the "port to port technology" congressional debates, October of 2000, headed by Orin Hatch and the rest of the judicial subcommittee? During those times I was almost desperately pitching my ideas to those Napster pioneers as well as anybody who was anybody in the Recording Industry Association of America (RIAA). I even submitted a confidential proposal to the RIAA at that time.

     Even though I hadn't pitched my ideas to anyone high up at Apple, I have been seeking licensing or other negotiations for some time now with various companies. I'm still trying to pitch my ideas to anybody who might be interested and I see that now Apple is working on a "ground-breaking new promotional tool for the music industry" of putting specific songs on a prepaid (free sample) card.

     In the more than 5 years since I've filed for patent protection on specific Internet merchandise cards, I've invited many people or companies to join, but they haven't been able to catch the vision of how specific prepaid Internet merchandise could be different and really shape the future of downloadable products or samples. With your specific song custom cards, Apple finally seems to have caught on to the concept, perhaps. Even though Hank Berry (mentioned above) didn't latch on to the prepaid vision at the time, Napster eventually did go with the nonspecific prepaid electronic wallet version. Perhaps my persistence in pitching my ideas may have had a small influence on the way things are going now.

     My idea pitch is still much the same as it was back in 2000 when I had filed for patent protection. My idea involved prepaid or sample cards that were directly associated to specific networked merchandise. My patent, which is now close to condition for allowance may wind up being used to place restrictions on the prepaid debit card or stored value card industry as it pertains to Internet downloadables or other Internet merchandising. The patent involves specific product merchandising; whereas stored value cards only involve values of currency or other increments to be put toward merchandise in general. All of those cards were in some way used or based on the standard browse and buy model. This intellectual property might one day be used to influence the market share of the traditional debit card and stored value card systems which are common in the marketplace by restricting their marketing approach, for example, from ever placing specific merchandise information on the card which could be connected to an itemized download or other Internet shopping cart.

A good illustration of the difference I'm talking about might be better understood by comparing the Napster card, that Incomm is associated, with prepaid merchandise technology. While Napster is selling a card that is good for $14.95 "worth" of songs. Prepaid merchandise technology could allow another company such as yours to sell a particular song, "Just a Lil Bit by 50 cent" for example. Other Internet companies had begun using scratch off cards as prizes in contests, but at the time of the invention for the predetermined networked merchandise card, it didn't seem that anyone could fathom the idea of the Internet working in any mode other than the classic browse and buy method. Instead of a strategy of merely designing around VIBME technology, Apple actually seems interested in and perhaps will even be willing to embrace the technology.

That is why I was so excited to see Apple's introduction of the specific song custom cards. If i-Tunes truly wants to continually strive to be the only real digital music destination, become the new promotional tool for record labels, artist managers, and promoters to distribute music to fans, and to bring the specific card industry to a higher level, customers should not be limited to selling just X dollars worth of merchandise. If you truly want to appeal to the consumer motivations that truly generate purchasing power, you will want to be able to show specific products on your cards and display stands, not just X dollars worth. Specific artwork on a card is one thing, but making specific connections to specific songs or other specific itemized merchandise is a step that will connect even better to your consumers.

Now, I want you to know that I'm not intent on fighting anything out with Apple. Apple has already taken such huge strides in the downloadable music industry that there is no question of who will be the leader. But I would think that you would at least want to take a look at what I have to offer you to see how it might help you against other competition. What I really would like to happen here is just an opportunity to submit a proposal and I really could use your help. My intellectual property in turn could help you do even a better job of staying on top in music and or other downloadable media. You can do that best by being able to produce specific linkages between product attributes, consumer benefits, and consumer value orientations. $X dollars worth on a prepaid card or nonspecific song gift certificates miss that boat altogether. Please reply to this letter or give me a call on my mobile any time, (801)360-8044 to discuss how my ideas might fit into your organization. Thanks.

Hope this is helpful,

*James L. Driessen*

James L. Driessen
Attorney at Law